UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN AND JILL KAISER, h/w | ) | Case Number |
| Plaintiff | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, John and Jill Kaiser, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiffs, John and Jill Kaiser, h/w (hereinafter "Plaintiff"), are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that Defendant maintains a principle place of business in this District.

### III.     PARTIES

4.     Plaintiffs, John and Jill Kaiser, h/w, are adult natural persons residing at 422 Washington Street, Berwick, PA 18603.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, NCO Financial Systems, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey and the Commonwealth of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044-8007.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.     FACTUAL ALLEGATIONS

7.     Plaintiffs retained a law firm to assist them in resolving personal financial issues.

8.     On or around April 20, 2011, Plaintiffs received a voicemail on their home answering machine from Defendant stating that the Defendant is a debt collector attempting to collect a debt.

9.     On or around April 21, 2011, Plaintiff, Jill received a phone call from Defendant at Plaintiff, Jill's place of employment.  Defendant's agent spoke with two of

Plaintiff, Jill's coworkers informing them that Defendant's agent was a debt collector and was attempting to verify Plaintiff, Jill's employment.

10. Plaintiff, Jill had Defendant's phone call transferred by her coworker to Plaintiff's desk and upon retrieving the phone call, Plaintiff, Jill told Defendant's agent not to contact Plaintiff at her place of employment.

11. On the same aforementioned day, Plaintiff, John contacted Defendant outraged by Defendant's previous phone call to Plaintiff, Jill's place of employment.

12. Plaintiff, John informed Defendant's agent that Plaintiffs were working with an attorney and that Defendant must direct all future communication to Plaintiffs' attorney regarding the alleged debt.

13. Defendant's agent told Plaintiff, John that Defendant would never work with Plaintiffs' attorney's law firm.

14. Defendant's agent went on to ask Plaintiff, John if agent could call Plaintiffs later to speak with Plaintiff, Jill and at that point, Plaintiff, John agreed on the basis that Defendant needed to hear the information regarding their attorney from Plaintiff, Jill.

15. On or around the same aforementioned date of April 21, 2011, Defendant later contacted Plaintiff, Jill's mother and aunt on their respective phone numbers.

16. On the phone call made by Defendant to Plaintiff, Jill's mother, Defendant's agent informed Plaintiff, Jill mother that Defendant was attempting to collect a debt allegedly owed by Plaintiff, Jill.

17. On the phone call made by Defendant to Plaintiff, Jill's aunt, Defendant's agent asked to speak with Harriet Dewalt who is Plaintiff, Jill's deceased grandmother.

18. Defendant's phone call asking for Plaintiff, Jill's deceased grandmother was upsetting to Plaintiffs' family.

19. Plaintiffs are without knowledge as to why Defendant would contact Plaintiff, Jill's family members and place of employment after contacting Plaintiffs' home and speaking with Plaintiff, John.

20. Defendant continues to contact Plaintiffs' home phone number as well as Plaintiff, Jill's place of employment after explicitly being told not to do so and to direct all further contact to Plaintiffs' attorney.

21. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## **COUNT I – FDCPA**

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692b(1):   Contact of Third Party: Failed to identify themselves, or failed to state that collector is confirming or correcting location information

§ 1692b(2):   Contact of Third Party: Stated that the consumer owes any debt

§ 1692b(6):   Contact of Third Party: After knowing the consumer is represented by an attorney

§ 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§ 1692c(a)(2): After it knows consumer to be represented by an attorney unless attorney consents or is unresponsive

§ 1692c(a)(3): At place of employment when knows that the employer prohibits such communications

§ 1692c(b):   With anyone except consumer, consumer's attorney, or credit bureau concerning the debt

§ 1692d:        Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):     Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:        Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10):    Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:        Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against NCO Financial Systems, Inc. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
**(FCEUA, 73 Pa. C.S. § 2270.1 et seq.)**

28. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

29. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

30. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

31. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

32. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

33. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

34. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

35. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

36. The foregoing paragraphs are incorporated herein by reference.

37. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

38. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

39. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

  40. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

  41. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

  **WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendants and Order the following relief:

  a. An Order declaring that Defendant violated the UTPCPL;

  b. Actual damages;

  c. Treble damages;

  d. An award of reasonable attorney's fees and expenses and cost of suit; and

  e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

                                                **Respectfully submitted,**

                                                **WARREN & VULLINGS, LLP**

**Date:  May 16, 2011**             **BY:** */s/ Bruce K. Warren*
                                                Bruce K. Warren, Esquire

                                              **BY:** */s/ Brent F. Vullings*
                                                Brent F. Vullings, Esquire

                                                Warren & Vullings, LLP
                                                93 Old York Road
                                                Suite 333
                                                Jenkintown, PA 19046
                                                215-745-9800   Fax 215-745-7880
                                                Attorneys for Plaintiff